UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BURTON KENNETH LANDMAN,<br><br>                    Petitioner,<br><br>    vs.<br><br>ROBERT DOOLEY, Chief Warden; and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF SOUTH DAKOTA,<br><br>                    Respondents. | 5:15-CV-05091-KES<br><br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION AND<br>DISMISSING PETITION |

**INTRODUCTION**

Petitioner, Burton Kenneth Landman, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. On July 14, 2016, Magistrate Judge Duffy submitted her report and recommendation for disposition of this case to the court. Landman timely filed his objection on August 23, 2016. For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation and dismisses Landman's petition.

**FACTUAL BACKGROUND**[1]

On May 9, 1997, Landman pleaded guilty to four counts of sexual contact with a minor. Docket 6-3. Landman directed his trial counsel to file an

---

[1] A full recitation of the facts can be found in the report and recommendation. Docket 12.

appeal, but trial counsel refused. Docket 1-4 ¶¶ 5-6. In May of 1998, Landman twice requested a modification of his sentences, seeking to have them run concurrently instead of consecutively, but both requests were denied. *See* Pennington County CR 95-5632 Docket 54, 55, and 56. Landman filed a pro se state habeas petition in 2000. Docket 6-4.

On February 6, 2015, Landman filed a "motion to vacate judgment; and reimpose same judgment." Docket 6-11. He argued that he was entitled to habeas relief under *McBride v. Weber*, 763 N.W.2d 527 (S.D. 2009). Docket 6-11. He sought restoration of his right to a direct appeal. *Id*. The state court denied this motion. Docket 6-12. On July 7, 2015, Landman sought essentially the same relief under SDCL 23A-27-51 in a "motion to reimpose judgment." Docket 6-17. The state court denied this motion as well. Docket 6-18.

On December 28, 2015, Landman filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. He argued that the state court's denial of his motions seeking restoration of his right to a direct appeal violated his rights under the Due Process Clause. *Id*.

Defendants move to dismiss Landman's petition, arguing that it is time-barred and there are no grounds for equitable tolling. Docket 5 at 1-2. Magistrate Judge Duffy recommends granting defendants' motion to dismiss and dismissal of Landman's petition. Docket 12. Landman timely filed objections to the report and recommendation. Docket 15. On August 31, 2016, Landman filed what he called a memorandum in support of his objections.

Docket 16. This document contains additional objections not raised in his previous filing.

## STANDARD OF REVIEW

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Landman raises three objections to Magistrate Judge Duffy's report and recommendation. Docket 15. His first two objections concern alleged factual inaccuracies in the report and recommendation. *Id.* at 3. His third objection concerns the applicability of 28 U.S.C. §§ 2244(d)(1)(B) and 2244(d)(1)(D) to Landman's case. *Id.* at 4-21.

## I.    Objections to the Facts as Stated in the Report and Recommendation

Landman objects to Magistrate Judge Duffy's recitation of the facts. The report and recommendation states that Landman pleaded guilty to five counts of sexual contact with a minor and that he was sentenced to serve seventy-five years in prison. Docket 12 at 3. Landman objects, arguing that he only pleaded

3

guilty to four counts of sexual contact with a minor and that he was only sentenced to sixty years in prison. Docket 15 at 3. Landman is correct. According to the judgment of conviction, he entered a plea of guilty to four counts of sexual contact with a child under the age of sixteen and was sentenced to sixty years in prison. Landman's objection is sustained but the objection has no impact on the remainder of the analysis in the report and recommendation.

## II.    Objections to Magistrate Judge Duffy's Recommendations Concerning Applicability of 28 U.S.C. § 2244(d)(1)(B) & (D)

Landman raises numerous objections to Magistrate Judge Duffy's report and recommendation. Landman objects to Magistrate Judge Duffy's recommendation that his due process claim did not accrue in 2015. Docket 15 at 8. Under 28 U.S.C.A. § 2244(d)(1), "A 1-year period of limitation [applies] to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." This statute of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; . . .

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).

4

**A.      Section 2244(d)(1)(B)**

Landman argues that, under § 2244(d)(1)(B), his statute of limitations began to run in 2015, when he read *McBride*. Docket 15 at 8. The court, however, agrees with Magistrate Judge Duffy's analysis. When Landman's attorney allegedly refused to file his notice of appeal, Landman could have filed a habeas petition based on ineffective assistance of counsel at that time because the facts of his claim were apparent. Therefore, the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) began to run then, and Landman's 2015 petition is untimely.

To the extent that Landman raises a due process claim in his current petition, it is also denied. In his objection to the report and recommendation, Landman alleges that his due process rights were violated when the state court denied his motion to file an out-of-time appeal. *See* Docket 15 at 2. Under this theory, his AEDPA statute of limitations would not have begun to run until 2015 when his motion was denied.

Magistrate Judge Duffy recommends that Landman's petition be dismissed because Landman failed to identify a Supreme Court case or federal statute that establishes the process due when a state court decides a motion seeking permission to file an out-of-time appeal under state law. Docket 15 at 19. If Landman's claim is taken at face value: that it is a due process claim that arose when the state court denied his motion for an out-of-time appeal, then this failure to cite to federal law is fatal to his petition. Landman argues that *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), *Rodriquez v. United States*, 395 U.S.

327 (1969), and *Peguero v. United States*, 526 U.S. 23 (1999) satisfy this failure.

These cases, however, did not determine the process due when seeking permission to file an out-of-time appeal in state court. *Rodriguez* and *Peguero* concern underlying criminal convictions in federal court. *McBride* makes clear that the federal system is distinct from the South Dakota system in granting permission to file out-of-time appeals.

Landman argues that these cases were used to grant McBride relief. According to *McBride*, however, *Flores-Ortega* "established the paradigm for analyzing a claim of ineffective assistance of counsel based on a failure to file a notice of appeal." *McBride*, 763 N.W.2d at 529 (quoting *Flores-Ortega*, 528 U.S. at 477-87). *McBride* relied on *Flores-Ortega*, and partially *Rodriguez*, to analyze McBride's underlying ineffective assistance of counsel claim. Here, Landman contends that his due process claim arose eighteen years after his counsel was ineffective, when the state court denied his motion for permission to file an out-of-time appeal. These cases are inapplicable to Landman's due process claim.

Landman argues that the state's lack of a mechanism to accept out-of-time appeals, as recognized in *McBride*, denied him due process. South Dakota's solution to the lack of this mechanism was to pass SDCL 23A-27-51. Landman, however, confuses the denial of due process inherent in the pre-*McBride* system with the denial of his motion for an out-of-time appeal. Justice Konenkamp's concurrence in *McBride* only stated that South Dakota denied

petitioners due process by not having a system in which they could restore their appeal rights (even though, according to the concurrence, South Dakota courts had long used the same process as federal courts).

The state court's denial of Landman's motion for an out-of-time appeal is not the denial of due process that was discussed in *McBride*. By ruling on his motion, the state court satisfied the due process issue that was identified in *McBride*. Landman has not explained how his due process rights were denied by his use of the post-*McBride* mechanism, other than that the court denied his motion.

This due process claim is also incongruous with Landman's contention that his claim arose when he read *McBride*. At that point, he had no way of knowing his motion for an out-of-time appeal would be denied. The only thing he "discovered" was that a claim he was already aware of, that his attorney was ineffective for failing to appeal, could now be brought via the process outlined in *McBride*. When Landman read *McBride*, however, he discovered no new facts concerning the only claim he had at that time, his ineffective assistance of counsel claim. Therefore, the statute of limitations on his claim did not begin to run in 2015 when he read *McBride* or first learned of SDCL 23A-27-51, instead it began to run in 1997 when the judgment of conviction was entered.

The court overrules Landman's objections and adopts the report and recommendation. To the extent that Landman raises an ineffective assistance of counsel claim, he knew of the facts that formed the basis of the claim eighteen years ago, and his AEDPA statute of limitations on that claim has long

since expired. To the extent that he raises a claim that arose when he read *McBride*, his claim is denied because he did not "discover" any new facts at that time. To the extent that he raises a due process claim based on the state court's denial of his motion for permission to file an out-of-time appeal, he has not explained how that decision violated a federal due process right.

### B.      Section 2244(d)(1)(D)

Landman also objects to Magistrate Judge Duffy's recommendation that his AEDPA statute of limitations is not governed by § 2244(d)(1)(D). He argues that the state impeded his ability to file a habeas petition by not instituting a procedure in which to file an out-of-time appeal. Section 2244(d)(1)(D) concerns impediments to filing a federal habeas petition. Landman alleges an impediment to his filing an out-of-time appeal. At any time after his conviction, Landman was free to file a federal habeas petition. The state did not impede him. Therefore, his objection is overruled, and Magistrate Judge Duffy's recommendation is adopted.

## III.   The Remainder of the Report and Recommendation

A district court " 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . .' " *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir.), *cert. denied*, 135 S. Ct. 691 (2014) (quoting 28 U.S.C. § 636(b)(1)). Landman does not object to Magistrate Judge Duffy's recommendation that, absent statutory or equitable tolling, his AEDPA one-year statute of limitations expired on July 30, 1998. The court has

reviewed this analysis and agrees. Therefore, this section of the report and recommendation is adopted without objection.

Landman does not object to Magistrate Judge Duffy's recommendation that his unsuccessful motions for out-of-time direct appeal did not affect the finality of his conviction. The court has reviewed this analysis and agrees. For the reasons fully explained in the report and recommendation, a finding that an unsuccessful motion for an out-of-time appeal makes a conviction not "final" for purposes of 28 U.S.C. § 2244(d)(1)(A) would render the AEDPA statute of limitations meaningless and in complete control of the potential petitioner. Therefore, this section of the report and recommendation is adopted without objection.

Landman does not object to Magistrate Judge Duffy's recommendation that he is not entitled to equitable tolling. The court has reviewed this analysis and agrees. Landman has not shown "that he has [pursued] his rights diligently" or " 'that some extraordinary circumstance stood in his way' and prevented timely filing.' " *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, this section of the report and recommendation is adopted without objection.

## IV.    Certificate of Appealability

Before denial of a § 2255 motion may be appealed, a petitioner must first obtain a certificate of appealability from the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that Landman fails to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is not issued.

## CONCLUSION

Magistrate Judge Duffy recommends that defendants' motion to dismiss be granted and that Landman's § 2254 petition be dismissed. The court sustains Landman's objection to the recitation of the facts regarding his conviction and sentence and modifies the report and recommendation on this issue as previously noted. The remainder of the objections are overruled and the report and recommendation is adopted.

Accordingly, it is ORDERED

1. Landman's objections to the report and recommendation (Docket 15; Docket 16) are sustained in part and overruled in part.

2. The report and recommendation (Docket 12) is adopted as modified.

3. Defendants' motion to dismiss (Docket 5) is granted. Landman's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Docket 1) is dismissed.

4. Landman's motion for summary judgment (Docket 11) is denied as moot.

5.  A certificate of appealability is not issued.

Dated September 9, 2016.

                              BY THE COURT:


                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE